## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KEVIN E. GARNES EL**, | |
| Petitioner, | |
| v. | Case No. 15-cv-02160 (CRC) |
| **U.S. PAROLE COMMISSION**, | |
| Respondent. | |

## OPINION AND ORDER

Kevin E. Garnes El, a prisoner proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the U.S. Parole Commission violated his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution by failing to advise him that he could forfeit earned good-time credits by violating the conditions of his parole. For the reasons that follow, the Court will dismiss Garnes El's petition.

### I.       Background

In the mid-1980s, the Superior Court of the District of Columbia sentenced Garnes El to a period of incarceration of 27 years and 6 months. See Pet. 6. After being released on parole, Garnes El violated the terms of his release "on several occasions." Pet. 6. Most recently, following a hearing on October 21, 2015, the United States Parole Commission ("Commission") revoked Garnes El's parole and directed that he remain in custody until the expiration of his sentence. See Resp't's Opp'n Pet. Writ Habeas Corpus Ex. 1, at 1. Although Garnes El was informed, upon violating the conditions of his parole, that "all time spent in the community could be forfeited should [he] be found in violation of the conditions of [his] parole," he alleges that he had not been informed that parole violations "would also put [his] statutory good time in jeopardy." Pet. 6. Garnes El claims to have a liberty interest in statutory good-time credit as

well as "a reasonable expectation to be informed" that the Commission is authorized "to suspend, revoke or forfeit . . . statutory good time." Pet. 7. He claims to have earned "4 months per year, 108 months or 9 years" of credit toward service of his sentence, such that his full term of imprisonment should have expired on June 9, 2011. Pet. 10. Accordingly, he demands "restoration of all statutory good time . . . and immediate release" from custody. Pet. 10.

## II.    Analysis

A habeas petitioner "challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief." Rahim v. U.S. Parole Comm'n, 77 F. Supp. 3d 140, 144 (D.D.C. 2015) (quoting Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)). "Requiring such exhaustion aids the judiciary" by ensuring that a "complete factual record" is developed, "afford[ing] the agency an opportunity to correct its own errors," and conserving judicial resources. Id.

The Parole Commission contends that Garnes El has failed to exhaust his administrative remedies. See Resp't's Opp'n Pet. Writ Habeas Corpus 2. It notes that its decision revoking Garnes El's parole, issued November 4, 2015, informed Garnes El that he would have thirty days to appeal that decision, and that, as of approximately two months later, it had not received an appeal, or a request for an extension of time to file an appeal, from Garnes El. Garnes El does not dispute this fact. Rather, he contends only that "[t]his issue cannot be decided administratively." Reply 2. Garnes El's "failure to pursue an appeal precludes this challenge to the Commission's decision." McCleod v. U.S. Parole Comm'n, 74 F. Supp. 3d 154, 157 (D.D.C. 2014).

Even were that not the case, the Court would deny Garnes El's petition on the merits. Under District of Columbia law in effect at the time of his criminal offenses and sentencing in

the Superior Court, see D.C. Code § 24-201.29 (repealed Aug. 20, 1994), Garnes El could earn

good-time credits while in custody.  Such credits "allow a prisoner to become eligible for release

earlier than otherwise authorized by the sentence he received, to advance [his] eligibility date for

release on parole and to decrease [his] mandatory release date." Lorando v. Waldren, 629 F.

Supp. 2d 60, 61 (D.D.C. 2009).  According to Parole Commission regulations, "the only function

of good time credits is to determine the point in a prisoner's sentence when, in the absence of

parole, the prisoner is to be conditionally released on supervision." 28 C.F.R. § 2.35(b).  "Once

a prisoner is released to parole . . . the usefulness of his earned good time credits is exhausted."

Lorando, 629 F. Supp. 2d at 61–62 (citing 28 C.F.R. § 2.35(b)).  And if the prisoner's parole is

later revoked, he is to "serve the remainder of the sentence originally imposed less any

commutation for good conduct which may be earned by him *after* his return to custody." D.C.

Code § 24-406(a) (emphasis added).  In short, "good time credits do not survive a prisoner's

release." Lorando, 629 F. Supp. 2d at 62; see also Lyons v. CCA/Correctional Treatment

Facility, No. Civ. 06-2008, 2007 WL 2007501, at *2–3 (D.D.C. July 10, 2007) ("[G]ood time

credits do not reduce a prisoner's full-term sentence date, and are forfeited upon revocation of

parole."); Mayo v. U.S. Parole Comm'n, No. Civ. 05-0860, 2005 WL 3274553, at *1 (D.D.C.

July 22, 2005) ("[The] petitioner is not entitled to any good time credit earned prior to his last

release on parole, since the good time credits that had previously been earned were forfeited

upon his prior parole revocations.").

  Even if the petitioner had earned statutory good time credits in the past, the credits would

already have been applied to advance the date of his prior release on parole.  And once released

on parole, he was not entitled to use the spent credits to reduce the end-date of his sentence.  The

Parole Commission therefore did not violate Garnes El's right to due process by failing to award them for that purpose.

For the foregoing reasons, it is hereby

**ORDERED** that [1] the Petition for a Writ of Habeas Corpus be **DISMISSED**.

This is a final, appealable order.

**SO ORDERED**.


_____
CHRISTOPHER R. COOPER
United States District Judge

Date:    May 5, 2016